[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 3, 1970 at Brooklyn, New York. They have resided continuously in this state since 1979. There are three minor children issue of the marriage: Johanna Hynes born August 30, 1975; Elizabeth Hynes born CT Page 3252 November 4, 1977; Thomas W. Hynes Jr., born June 5, 1980.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 20 years. Both parties are in good health. Both parties were articulate at trial. Both parties are intelligent, attractive, hard working and both were unfaithful to their respective spouse during the course of the marriage. The parties have lived separately and apart for the past two years.
The defendant wife is 40 years of age. She has two Masters degrees and is presently employed 3/5 time by the City of Stamford in Public Health Education earning approximately $22,330 per year. If employed on a full time basis, the defendant would earn approximately $30,000 to $32,000 per year. The defendant has chosen to work 3/5 time to be able to spend more quality time with their three minor children, and in view of the custody arrangement, the ages of the children, and their respective needs, the court finds this to be appropriate and in the best interests of the children.
The plaintiff husband is 43 years of age. The plaintiff has a law degree but has devoted his energies to tax accounting and financial planning. He presently has his own financial planning firm. The plaintiff's income from earnings in 1990 was approximately $168,309 which includes the plaintiff's base draw of $125,000.
The parties had no assets to speak of at the time of their marriage. The assets, as well as the liabilities, as shown in their respective financial affidavits have been accumulated during the course of their marriage.
The defendant worked during the time the plaintiff was attending law school and throughout most of the course of the marriage. She was the primary caretaker of the children. The defendant was supportive of the plaintiff when he attended law school and she was supportive when he started his own business in 1986. The plaintiff was and is industrious, hard working and is in the midst of a successful career.
The parties went to marriage counseling in an attempt to CT Page 3253 resolve their marital difficulties, but it was of no avail. The court is not going to dwell on the reasons for the break down of the marital relationship as espoused by the plaintiff and the defendant. Sufficient evidence was presented to substantiate the claim that the marriage has irretrievably broken down.
Unfortunately, the parties were unable to resolve their marital difficulties.
Both parties presented extensive testimony through their real estate experts with respect to the value of the marital home. The appraisals ranged from $558,000 to $795,000. The marital home was purchased in 1984-85 for approximately $512,000. The plaintiff is presently residing in the marital home. Mrs. Stauffer did not have the credentials of Mr. Castiglia or Mr. Kyle, but she does know the territory. Her description of the qualities of the property as well as her knowledge of the area was of some assistance to the court. Her appraisal was the highest at $795,000.
The court finds that both Mr. Castiglia and Mr. Kyle are well qualified and experienced appraisers. They are approximately $45,000 apart in their most current appraisals. Mr. Kyle did not include a figure to remove asbestos as did Mr. Castiglia. This would reduce the gap between the appraisers to approximately $40,000. In weighing all the evidence presented with respect to the current fair market value of the marital home, the court finds it has a present fair market value of $595,000.
The court notes the plaintiff used an unappraised value of $650,000 in his September 1989 financial affidavit, a figure closer in line to the defendant's appraisal. The court finds Mr. Castiglia's figure to be the more appropriate fair market value as of the present time in view of the current real estate market conditions. The court choses not to average the appraisals of Mr. Kirk and Mr. Castiglia to come up with a value for the marital home.
The court recognizes that the wife was supportive of the husband's career endeavors during the course of the marriage. The wife was the principal supporter of the family while the husband attended law school. The wife has worked throughout the marriage. Both parties worked in residential treatment homes during the early years of their marriage. The wife pursued her post graduate degrees at night while working days. The husband devoted himself to his career and in 1986 launched his own business which has been successful and has provided the husband with a substantial income in excess of $150,000 per year. Irrespective of which business evaluation is used, the wife's CT Page 3254 contribution during this 20 year marriage must be recognized. The court is not unaware of the husband's substantial financial obligations — specifically, the indebtedness to Chemical Bank.
The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
Property Division
1. The marital home located at 1663 Shippan Avenue, Stamford is awarded to the plaintiff. The plaintiff shall be solely responsible for the mortgage on said property and shall hold the defendant harmless therefrom. The defendant shall execute the appropriate deed transferring her right, title and interest in said property to the plaintiff forthwith.
2. The real estate located on Martha's Vineyard, Massachusetts, shall remain the sole property of the defendant and the plaintiff shall have no claim to this property.
3. By way of further property division, the plaintiff shall pay to the defendant a lump sum of $20,000 — payable as follows: $10,000 within sixty (60) days of date; the balance of $10,000 on or before February 15, 1992.
4. The plaintiff shall be entitled to his entire interest including his stock in his company, free of any claims of the defendant.
Child Support
The parties have agreed on the custody/parenting of the minor children which provides that the children are with the defendant approximately 16 days out of 30. The plaintiff testified he has the children approximately 43% to 44% of the time. The agreement of the parties was reduced to writing, executed by the parties, and approved and entered as an order of the court. Each parent will have to provide appropriate housing and shelter for the three minor children in addition to their other needs.
The daughter, Elizabeth, has a learning disability and requires a private school which she is presently attending. The plaintiff agrees a private school is appropriate for Elizabeth.
The son, Thomas, has an attention deficit — syndrome and also requires a special/private school setting. The plaintiff is presently paying for the private tuitions for both children CT Page 3255 and expressed a willingness to continue to do so.
The present parenting arrangement appears to be working as the plaintiff and the defendant are living within close proximity of each other. The defendant, who has a masters degree in social work, did not desire to put their children through a prolonged custody dispute and felt the agreement as to custody was in the best interests of the children.
The following orders shall enter with respect to the support of the minor children:
1. Commencing with April 1, 1991 the plaintiff shall pay to the defendant as child support, the sum of $515 per month per child for the support of the three minor children, annualized at $6,180 per child per year.
2. The plaintiff shall be solely responsible for the private school educational expenses for the minor children.
3. The defendant shall provide medical and hospital coverage for the minor children, so long as it is available through her place of employment. The plaintiff and defendant shall be equally responsible for all unreimbursed reasonable and necessary medical and hospital expenses, including counseling, mental health expenses, dental and pharmaceutical expenses.
Attorney's Fees of The Attorney For The Minor Children
The attorney for the minor children presented a total bill of $3,240 for her services rendered in this matter. Each party shall pay one-half (1/2) of the attorney's fee. The plaintiff has already paid $1,200 and he shall pay an additional $420. The defendant shall pay the sum of $1,620. The fees of the attorney for the minor children shall be paid forthwith.
Alimony
No alimony is awarded to either party.
Other Property
1. The personal property and furnishings contained in the marital home shall be divided between the parties as they shall agree. In the event of a dispute, the matter is referred to Family Relations for mediation. The court shall retain jurisdiction and shall conduct a hearing therein if the mediation is not successful.
2. The defendant shall be entitled to the following: CT Page 3256 a. her checking and savings accounts; b. her Kidder Peabody account, c. her IRA.
 3. The plaintiff shall be entitled to the following: a. his checking and savings account b. his Kidder Peabody account; c. HHH Trilateral Investment Association; d. his IRA.
Debts
1. The plaintiff shall be responsible for the debts as listed on his current financial affidavit.
2. The defendant shall be responsible for the debts as listed on her current financial affidavit.
Life Insurance
1. The defendant shall remain as the owner of the Bankers Life Insurance policy. However, the three minor children shall be named as the irrevocable beneficiaries on said policy.
2. The plaintiff shall provide and maintain life insurance policies in the amount of $500,000 with the minor children named as beneficiaries therein for so long as the plaintiff has obligations of child support. This provision shall be modifiable.
Custodial Accounts
The plaintiff shall be the sole custodian of the custodial accounts on behalf of each of the minor children. The plaintiff shall provide the defendant with an accounting of each custodial account by January 30th of each year. The plaintiff shall confer with the defendant before any withdrawals are made in connection with the three custodial accounts.
Tax Exemption
The plaintiff shall be entitled to claim the three minor children as deductions for income tax purposes.
An immediate withholding is ordered.
COPPETO, J.